IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01918-BNB
(**The above civil action number must appear on all future papers
sent to the Court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

ERNESTO CASTRO,

      Plaintiff,

v.

MRS. VINYARD (Mid-Level Practioner [sic]), and
DR. SANTINI (Clinical Director),

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

---

Plaintiff, Ernesto Castro, is a prisoner in the custody of the Federal Bureau of

Prisons at the Federal Correctional Institution in Florence, Colorado.

Mr. Castro submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971), and 28 U.S.C. § 1331, and a Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).  As part of the Court's review

pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are

deficient as described in this order.  Plaintiff will be directed to cure the following if he

wishes to pursue his claims.  Any papers that Plaintiff files in response to this order

must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   __     is not submitted
(2)   __     is missing affidavit
(3)   <u>X</u>     is missing certified copy of prisoner's trust fund statement for the 6-month

period immediately preceding this filing

(4)   __    is missing certificate showing current balance in prison account

(5)   __    is missing required financial information

(6)   __    is missing an original signature by the prisoner

(7)   _X_    fails to include all pages of the proper form (<u>must use and complete all pages of the court's current form revised 10/01/12 with Authorization and Certificate of Prison Official</u>)

(8)   __    names in caption do not match names in caption of complaint, petition or habeas application

(9)   __    An original and a copy have not been received by the Court. Only an original has been received.

(10)   _X_    other:  <u>Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing an amended § 1915 Motion and a certified copy of his six months' trust fund statement.</u>

**Complaint, Petition or Application**:

(11)   __    is not submitted

(12)   __    is not on proper form (must use the Court's current form)

(13)   __    is missing an original signature by the prisoner

(14)   __    is missing page no. __

(15)   __    uses et al. instead of listing all parties in caption

(16)   __    An original and a copy have not been received by the Court.  Only an original has been received.

(17)   __    Sufficient copies to serve each defendant/respondent have not been received by the Court.

(18)   __    names in caption do not match names in text

(19)   __    other:

Mr. Castro's Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  For the reasons stated below, he will be directed to file an amended Prisoner Complaint.

Mr. Castro fails to assert his claims in the spaces provided on the Prisoner Complaint form.  Instead, he refers to an attachment that repeats the same claim three times, apparently asserting an Eighth Amendment claim of deliberate indifference to serious medical needs, but failing to allege any facts indicating the personal participation of the named Defendants.

The amended Prisoner Complaint Mr. Castro files must comply with the pleading requirements of Rule 8.  The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted pursuant to which statute and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Castro*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In order to state a claim in federal court, Mr. Castro "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Castro must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  A long, chronological recitation of facts is not necessary.  Nor should the Court or defendants be required to sift through Mr. Castro's allegations to locate the heart of each claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Castro must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Castro may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Castro uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Castro will be given an opportunity to cure the deficiencies in the Prisoner Complaint by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Accordingly, it is

ORDERED that Plaintiff, Ernesto Castro, cure the deficiencies designated above and file an amended Prisoner Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers

that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use all pages of those forms in curing the designated deficiencies and filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, the Prisoner Complaint and action may be dismissed without further notice.

DATED July 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge