IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01918-BNB

ERNESTO CASTRO,

    Plaintiff,

v.

MRS. VINYARD (Mid-Level Practioner [sic]), and
DR. SANTINI, Clinical Director,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Ernesto Castro, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Castro submitted *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2).

    The Court reviewed the documents and determined they were deficient. Therefore, on July 10, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Castro to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims. The July 10 order pointed out that Mr. Castro failed to submit either the $400.00 filing fee or all pages of a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form. The July 10 order also pointed out that Mr. Castro failed to submit a

Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The July 10 order directed Mr. Castro to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, and to use all pages of those forms in curing the designated deficiencies and filing an amended Prisoner Complaint within thirty days.  Magistrate Judge Boland warned Mr. Castro that if he failed to cure the designated deficiencies or file an amended Prisoner Complaint within the time allowed that complied with the July 10 order, the Prisoner Complaint and the action would be dismissed without prejudice and without further notice.

On August 14, 2014, Mr. Castro submitted an amended Prisoner Complaint (ECF No. 6) and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 5) that is missing key pages of the Court's current form, including the authorization and certificate of prison official.  In addition, the copy of the trust fund account statement Mr. Castro submitted for the six-month period immediately preceding this filing as an attachment to the amended § 1915 motion and affidavit is uncertified.

Mr. Castro has failed to cure the designated deficiencies within the time allowed. Therefore, the amended Prisoner Complaint and the action will be dismissed without prejudice for Mr. Castro's failure to cure all the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Castro files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Ernesto Castro, to cure the deficiencies designated in the order to cure of July 10, 2014, within the time allowed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   25th   day of      August         , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court